### PAHMEYER v. WILSON et al.

No. 20562. Opinion Filed Jan. 26, 1932.

F. E. Riddle and Chas. L. Harris, for plaintiff in error.

V. P. Wilson, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Tulsa county sustaining demurrers of certain of the defendants in error, defendants in that court, to a fifth amended petition filed in that court by the plaintiff in error, the plaintiff in that court, and dismissing the action after the plaintiff therein had refused to plead further. Hereinafter the parties will be referred to as plaintiff and defendants.

An examination of the fifth amended peti-

tion discloses that, even under the rule of liberal construction followed by this court in construing pleadings when attacked by a demurrer thereto, the fifth amended petition did not state a cause of action.

In his brief the plaintiff says:

"It is true as the court sometimes use the expression, the petition may not be claimed as a 'model,' but certainly it states a cause of action; it alleges that the plaintiff was a retail grocer; that he owned a stock of goods, wares and merchandise, and notes and accounts of the invoice value of $14,000, and of the actual value of $8,500; that he executed a mortgage in favor of the defendants to secure their claims; that said defendants thereafter took possession of said property under said mortgage, and that in bad faith they wrongfully and fraudulently colluded together and disposed of and appropriated plaintiff's property and the proceeds thereof contrary to law and contrary to the provisions of said mortgage to plaintiff's detriment in the sum of $8,500"

—but we are not authorized to decide this cause on the allegations made in a brief. We are controlled by the allegations made in the fifth amended petition.

The fifth amended petition states that the plaintiff was engaged in the retail grocery business in Tulsa; that he was indebted to the several defendants, other than V. P. Wilson, in the aggregate amount of $4,278.90, and that the plaintiff executed a deed of trust, naming the defendant V. P. Wilson as trustee to act for the creditors, and to become operative at the expiration of 30 days, if the plaintiff had not at that time paid the indebtedness due to his creditors. There is no allegation therein that the indebtedness to the creditors was paid and, upon the face of the fifth amended petition, it appears that the trust agreement became effective. Thereafter the plaintiff was bound by the terms and conditions of the trust agreement and V. P. Wilson, the trustee named in that agreement, acquired all of the rights provided by the agreement and the authority to handle the property in accordance with the terms and conditions of that trust agreement.

We are not concerned with a mortgage, and the cases cited by the plaintiff, dealing with sales under mortgages, are neither controlling nor persuasive. We are here concerned with a trust arrangement duly provided by a contract in writing.

In his brief the plaintiff says:

"The trustee, who was personally interested, sold all of the property in bulk to one of the creditors, Tom Jackson, or Jackson Wholesale Grocery Company, Tom Jackson being the president thereof, for $1,400 at private sale. This included about $11,000 of notes, bills, and accounts."

Had such an allegation been made in the fifth amended petition, that instrument would have been of more force and effect, but there is no such allegation in the fifth amended petition. Those facts, if they are facts, are brought into this case only by the brief of the plaintiff. Nowhere in the fifth amended petition is it alleged that the property was sold for $1,400. The amount for which the property was sold by the trustee is not stated therein. Neither is it stated therein that the property was sold by the trustee in violation of the terms and conditions of the trust agreement authorizing the sale thereof. We are unable to say, from an examination of the trust agreement attached to the fifth amended petition or from the allegations of the fifth amended petition, that the trustee sold the property in violation of the terms of the trust agreement.

In his brief the plaintiff says:

"The plaintiff's theory in his petition is that this sale was unauthorized under the mortgage and in law; was made without the knowledge of the plaintiff, and, of course, without his consent, and was void; that it was made in bad faith, collusively, and that the defendants were held liable in conversion for the value of the property converted."

The trust agreement authorized the trustee to sell the property and there is nothing therein which required the plaintiff to be given notice of the sale or that his consent thereto be obtained. He consented to the sale when he executed the instrument.

When the fifth amended petition is examined, together with the trust agreement pleaded by the plaintiff as a part thereof, it appears that the allegations of the fifth amended petition are insufficient to state a cause of action under the facts shown by the petition.

The rule of law applicable is stated in 5 Corpus Juris, page 1301. In Nodine v. Wright (Ore.) 61 Pac. 734, a case in which the facts are similar to the facts in this case, that court held:

"Where a debtor conveyed his property to a trustee to convert into money and pay the debts, and the trustee fraudulently conveyed the property to his friends and business associates for much less than it was worth, such debtor could not maintain an action at law against the trustee and his grantees for damages, without first bringing a suit in equity for an accounting and closing of the trust"

—and said:

"Mr. Perry, in speaking of the remedies of the cestui que trust, says: 'Unless some

legal debt has been created between the parties, or some engagement the nonperformance of which may be the subject of damages at law, a court of equity is the only tribunal to which he can have recourse for redress. An action at law for money had and received will not lie against a trustee while the trust is still open, but if a final account is settled, and a balance struck, an action may be maintained.' 2 Perry, Trusts (5th Ed.) sec. 843."

Under that rule there was no error on the part of the trial court in sustaining the demurrers to the fifth amended petition and, when the plaintiff refused to plead further, the trial court was authorized to dismiss the action.

The judgment of the trial court is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.